# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**VICKIE NOLEN**                                                                           **PLAINTIFF**

**V.**                       **No. 3:21-CV-00072-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                             **DEFENDANT**

## ORDER

Plaintiff Vickie Nolen appeals the final decision of the Commissioner of the Social Security Administration denying her Title II application for disability insurance benefits and claims for supplemental security income benefits under Title XVI of the Social Security Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On March 6, 2018, Ms. Nolen protectively filed an application for benefits due to insomnia, COPD, high blood pressure and cholesterol, degenerative disc disease, glaucoma, post anterior cervical discectomy, bilateral carpal tunnel, fibromyalgia, sleep apnea, depression, and anxiety. *Tr. 1011.*

At Ms. Nolen's request, an Administrative Law Judge ("ALJ") held a hearing on September 22, 2020, where Ms. Nolen appeared with her lawyer, and the ALJ heard testimony from Ms. Nolen and a vocational expert ("VE"). *Tr. 635-671.* The ALJ issued a decision on October 28, 2020, finding that Ms. Nolen was not disabled.

1

*Tr. 15-28.* The Appeals Council denied Ms. Nolen's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6.*

Ms. Nolen, who was fifty years old at the time of the hearing, has a high school diploma and some college credits. *Tr. 641, 643.* She has past relevant work experience as an accounting clerk, office manager, and telephone solicitor. *Tr. 666.*

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Nolen had not engaged in substantial gainful activity since April 22, 2017 and she has the following severe impairments: cervical postsurgical and degenerative changes, lumbar degenerative changes, mild bilateral sacroiliac degenerative changes, bilateral carpal tunnel syndrome, left upper extremity ulnar entrapment, obesity, migraines, anxiety, post-traumatic stress disorder, depression, and personality disorder. *Tr. 17-18.* However, the ALJ found that Ms. Nolen did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 18-19.*

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

According to the ALJ, Ms. Nolen has the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional climbing, stooping, kneeling, crouching, and crawling; (2) less than constant use and only frequent use of the upper extremities to reach, handle, finger, and feel; (3) only occasional reach overhead with the upper extremities; (4) only simple, routine, and repetitive work and simple work-related decisions; and (5) occasional interaction with supervisors, coworkers, and the public. *Tr. 21*.

In response to hypothetical questions incorporating the above limitations, the VE testified that jobs available with these limitations included small product assembler, price marker, and router. *Tr. 667.* Accordingly, the ALJ determined that Ms. Nolen could perform a significant number of other jobs existing in the national economy, and found she was not disabled.

### III.   DISCUSSION

#### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th

Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

      **B.**    **Ms. Nolen's Arguments for Reversal**

          **1.**    **The ALJ failed to resolve an apparent conflict between the VE's testimony and the *Dictionary of Occupational Titles*.**

Ms. Nolen asserts that, based on the limitations outlined in the hypotheticals provided to the VE, the ALJ erred when he found that she could work as a small products assembler, price marker, or router. *Doc. 17*. Ms. Nolen argues that these jobs exceed the occasional overhead reaching limitation because they involve frequent reaching. Ms. Nolen correctly points out that the ALJ had a duty to get the VE to clear up any conflicts between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"). *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014). The ALJ also had a duty to explain the clarification in his ruling. *Id.*

At the hearing, the VE noted that "overhead reaching . . . is not specifically covered in the DOT." *Tr. 667*. However, the VE explained that she "relied upon [her] education and knowledge of how these jobs are performed" and testified that "[t]hese jobs are primarily performed in front of the worker. Overhead reaching is

4

not needed in order to perform the task and therefore any overhead reaching would not exceed, generally." *Tr. 667-668*. The ALJ then had the VE reiterate that her findings were "based on [her] training and experience the jobs are nonetheless consistent with only occasional overhead reaching . . . ." *Tr. 668*. In his decision, the ALJ noted that the VE testified that the DOT did not "distinguish between reaching in any particular direction using the upper extremities," but clarified that the VE "testified that the limitation to only occasional overhead reaching was nonetheless consistent with the job identified based on the expert's training and experience." *Tr. 26-27*.

In similar cases dealing with the subtle difference between occasional and frequent reaching, district courts have held that a VE may rely on her judgment and experience with the jobs in questions to resolve any arguable conflict. See *Jones-Brinkley v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-00058-JTK, 2021 WL 371689 (E.D. Ark. Feb. 3, 2021). While a few cases from this Circuit have reversed an ALJ for failing to resolve a reaching conflict, those cases are distinguishable, because the VE in those cases either did not address the conflict or gave a one-word response. In this case, however, the ALJ: (1) recognized the conflict; (2) asked the VE about the conflict; (3) followed up with another question about the VE's experience with the jobs in question; and (4) discussed this conversation in his decision. The ALJ

met his Step Five burden. Accordingly, the ALJ sufficiently clarified any conflict between the DOT and occasional overhead reaching limitation.

### 2. The ALJ Improperly Discounted Plaintiff's Doctor's Opinions.

Ms. Nolen asserts that the ALJ erred in his evaluation of a Medical Source Statement by her treating physician, Dr. Diamond. In the statement, Dr. Diamond noted Ms. Nolen's chronic lumbar pain and chronic migraines. He noted that she could carry a maximum of 10 pounds; stand and walk less than two hours a day and sit for six hours a day. *Tr. 1580*. However, Dr. Diamond wrote nothing in the section requesting "objective medical findings that support the [listed] limitations." *Tr. 1582*. The ALJ rejected this opinion, explaining:

> These forms are not persuasive because the level of limitation on these forms are unsupported and highly inconsistent with the examinations in the conservative treating record (including Dr. Diamond's own treatment notes) and claimant's activity level outlined above. The undersigned also notes that Dr. Diamond later wrote on prescription pads that claimant was "unable to work at the present time." (Ex. B22F2). Again, these opinions are not persuasive because they are conclusory, unsupported, and inconsistent with the overall record outlined above.

*Tr. 25*.

The Eighth Circuit has held that medical assessments that "consist of nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses, [and] cite no medical evidence and provide little to no elaboration . . . possess 'little evidentiary value.'"

6

*Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citing *Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014)). Additionally, when the treating doctor's opinion is only checked boxes without explanation, "that basis alone" is sufficient to support the ALJ giving the "assessment little weight and relying more heavily on other opinions in the record." *Thomas*, 881 F.3d at 675. That is exactly what the ALJ did in this case. The ALJ properly addressed Dr. Diamond's conclusions and explained his reasons for discounting them.

### C. Substantial Evidence Supports the ALJ's Decision

After a thorough recitation of Ms. Nolen's medical history, the ALJ found that Ms. Nolen's "medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the allegations of totally disabling limitations are not consistent with the overall record outline herein." *Tr.23*. Ultimately, the ALJ determined that the record supported a finding that Ms. Nolen could "perform a modified range of light work activity." *Id.*

"When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing

*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). An ALJ does not need to explicitly discuss each of the *Polaski* factors, and the ALJ can reject complaints which are inconsistent with the evidence as a whole. *Id*. A reviewing court "will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (citation omitted).

The Court finds that substantial evidence supports the ALJ's decision to discount Ms. Nolen's complaints. In assessing Ms. Nolen's credibility, the ALJ considered numerous facts from the record as a whole and noted several inconsistencies which support his credibility finding.

Although the ALJ considered numerous impairments, the primary issues raised in Ms. Nolen's appeal were related to her back pain and migraines. A May 1, 2019 MRI of Ms. Nolen's lumbar spine revealed normal alignment and was unremarkable. *Tr. 1689*. In 2018 and 2019, Dr. Diamond repeatedly noted that Ms. Nolen's lumbar pain, migraines, and anxiety were stable. *Tr. 1633, 1636, 1667, 1673, 1685, 1687*. The records also show that her gait was normal and she was "self ambulatory." *Tr. 1667, 1668*. Additionally, as the ALJ noted, Ms. Nolen has required only conservative treatment for her medical conditions. *Tr. 1634, 1637*. *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has undergone only conservative treatment when evaluating the

severity of the impairments). Her degenerative disc disease was considered only mild. *Tr. 1655*. Finally, Ms. Nolen reported "80% pain relief" after receiving an injection in her back. *Tr. 1420, 1428*.

The medical records reveal that Ms. Nolen's anxiety was stable with medication and that her back pain was relieved by medication. *Tr. 1421, 1426, 1667*. "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

The ALJ applied the proper legal standards in evaluating Ms. Nolen's subjective complaints and articulated several valid reasons for discounting her credibility. Accordingly, the Court must defer to those findings. Finally, the ALJ's final decision is supported by substantial evidence on the record as a whole.

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision. There is no legal error.

Accordingly, Ms. Nolen's appeal is DENIED and judgment will be entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 31st day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE